UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:13-cv-00042

SANDRA RAYMER     PLAINTIFF

v.     **OPINION AND ORDER**

THE WESTERN AND SOUTHERN LIFE INSURANCE
COMPANY d/b/a WESTERN-SOUTHERN     DEFENDANT

and

MICHAEL SCHUMANN and     DEFENDANTS/
SCHUMANN & SCHNEID, PLLC     THIRD-PARTY PLAINTIFFS

v.

THE WESTERN-SOUTHERN AGENCY, INC.     THIRD-PARTY DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is currently before the Court upon the motion of Defendants/Third-Party Plaintiffs, Michael Schumann and Schumann & Schneid, PLLC (collectively "Schumann"), to remand state-law claims in this case to the Madison County, Kentucky Circuit Court [DE #5]. This motion is fully briefed and is ripe for review.

I.     **BACKGROUND**

This case began as a legal malpractice case filed by Plaintiff, Sandra Raymer, against Schumann.[1] Raymer had previously retained Schumann to represent her in connection with a dispute with her former employer, Defendant, The Western & Southern Life Insurance Company d/b/a Western-Southern ("Western & Southern"). As part of her employment with Western & Southern,

---

[1] Unless otherwise noted, the parties do not appear to dispute the general procedural history of this case.

Raymer executed a Sales Representative Agreement (the "Agreement") in which she agreed not to commence any action or lawsuit against Western & Southern relating to her employment, but to instead follow the process set forth in Western & Southern's Dispute Resolution Program ("DRP"). Western & Southern terminated Raymer's employment on or around August 31, 2010. After Western & Southern terminated Raymer's employment, Raymer consulted Schumann about possible employment discrimination claims against Western & Southern, as well as his representation of her in an unemployment insurance benefits appeal. Schumann notified Western & Southern of his representation of Raymer by letter dated December 15, 2010. The parties dispute whether Schumann, acting on Raymer's behalf, adequately and timely requested arbitration of Raymer's claims, as required by step four of Western & Southern's DRP. Specifically, Western & Southern took the position that Raymer failed to adequately request arbitration within six months after her termination as required by the DRP and, accordingly, denied Raymer's request to arbitrate.

In November 2011, Raymer terminated Schumann's representation of her and, subsequently, she retained new counsel. In 2012, Raymer filed a legal malpractice action against Schumann in Fayette Circuit Court, Division No. 7, Civil Action No. 12-CI-2534, alleging that Schumann failed to present her claims against Western & Southern within the six-month deadline required by the DRP, resulting in her claims becoming time-barred. At some point, and for reasons unknown to the Court, this action was transferred from the Fayette Circuit Court to the Madison Circuit Court. On September 6, 2012, Schumann was granted leave to assert a third-party claim against Western & Southern for contribution, indemnity, subrogation and warranty, although he named The Western & Southern Agency, Inc. as the third-party defendant, which, according to Western & Southern, is the wrong entity. On February 1, 2013, Raymer amended her complaint in the malpractice action

to bring claims against Western & Southern. Raymer's amended complaint seeks to compel arbitration or, in the alternative, seeks a declaration of rights with respect to Raymer's claims against Western & Southern, specifically that Western & Southern's wrongful denial of her request to arbitrate renders the Agreement and the DRP unconscionable, void and unenforceable [DE #1-1]. According to the amended complaint, the underlying substantive controversy between Raymer and Western & Southern involves Raymer's claims against Western & Southern under the Family Medical Leave Act ("FMLA"), the Employee Retirement Income Security Act ("ERISA"), and the Americans with Disabilities Act ("ADA").

On or around February 13, 2013, Western & Southern sought to remove the entire case to this Court [DE # 1]. In the notice of removal, Western & Southern stated that this Court has original federal-question jurisdiction because of Raymer's allegations that Western & Southern's termination of her employment violated her rights under the FMLA, ERISA and the ADA and, further, that this Court has supplemental jurisdiction over any state-law claims asserted by Raymer against Western & Southern, as they arise from the case or controversy involved in Raymer's wrongful termination claim [*Id*.]. Western & Southern noted Raymer's separate state-law legal malpractice claim against Schumann, but stated that those claims may and must be severed and remanded to the Madison Circuit Court [*Id*.].

As foreshadowed by Western & Southern's notice of removal, Schumann subsequently filed the instant motion to remand, asserting that this Court has no basis to exercise original or supplemental jurisdiction over him and that, accordingly, pursuant to 28 U.S.C. §1441(c)(2), the Court must sever the state law claims against Schumann from the Complaint and remand those claims back to the Madison County Circuit Court [DE #5]. Western & Southern filed a response

stating that it did not object to Schumann's motion to remand and, in fact, agreed that this Court should retain jurisdiction over Raymer's amended complaint filed against Western & Southern and sever and remand the remaining state-law claims to the Kentucky state court [DE #10]. However, Raymer has objected that Schumann's allegations in his third-party complaint that the Western & Southern Agency, Inc. breached the American Arbitration Act, 9 U.S.C. §1 *et seq.*, provide a basis for this Court's assertion of jurisdiction over Schumann [DE #13]. Raymer further argues that Schumann's third-party claims against The Western & Southern Agency, Inc. are sufficiently related and intertwined with Raymer's claims, such that the Court's exercise of supplemental jurisdiction over Raymer's claims against Schumann is warranted and, further, that Raymer would be unfairly prejudiced if Schumann's motion to remand is granted [*Id.*].

## II.     ANALYSIS

Federal courts have limited jurisdiction. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary resets upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994)(citations omitted). Under 28 U.S.C. § 1331, district courts are granted original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction generally exists whenever a federal question appears on the face of a well-pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Agnifili v. KFC Corp.*, 924 F. Supp. 78, 79 (W.D. Ky. 1996).

Removal is authorized under 28 U.S.C. § 1441(a) for civil actions "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

"The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). *See also, Long v. Bando Manufacturing of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). "[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed" with all doubts resolved against federal jurisdiction. *Id*. at 757.

With respect to the nature of Raymer's amended complaint against Western & Southern, when one party seeks arbitration pursuant to a written agreement, a federal court should determine its jurisdiction by "looking through" a petition seeking arbitration to the parties' underlying substantive controversy and determine whether it is predicated on an action that "arises under" federal law. *Vaden v. Discovery Bank*, 556 U.S. 49, 62, 129 S.Ct. 1262, 1273, 173 L.Ed.2d 206 (2009). Here, the underlying substantive controversy involves Raymer's allegations that Western & Southern's termination of her employment violated her rights under the FMLA, ERISA and the ADA. Thus, because Raymer's claims in her amended complaint are predicated on an action that "arises under" federal law, this Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

Turning to the other two "sets" of claims in this case, Raymer's legal malpractice claims against Schumann do not "arise under" federal law, but are instead based on Kentucky state law. In addition, Schumann's third-party indemnity and contribution claims against The Western-Southern Agency, Inc. allege that, should Schumann be found liable to Raymer on her legal malpractice claims against him, he is entitled to indemnity and contribution from The Western-Southern Agency, Inc. based on Kentucky state law principals. Thus, these claims are also state law claims.

Under 28 U.S.C. § 1367(a), district courts may exercise supplement jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004)(quotations and citations omitted). Here, Raymer's claims against Western & Southern arise from her allegations that Western & Southern's termination of her employment violated her rights under the FMLA, ERISA and the ADA. In contrast, her malpractice claims against Schumann focus on his handling of her employment case against Western & Southern. Similarly, the focus of Schumann's third-party claims against The Western-Southern Agency, Inc. is whether the actions taken by The Western-Southern Agency, Inc. in response to Schumann's request for arbitration on behalf of Raymer entitle Schumann to contribution and indemnity from The Western-Southern Agency, Inc. under Kentucky's contribution and indemnity laws. Raymer's employment discrimination case against Western & Southern and Raymer's legal malpractice claims against Schumann (and Schumann's related third-party claims against The Western-Southern Agency, Inc.) require proof of different facts, will involve different witnesses, and apply different law. Thus, neither the legal malpractice claim nor Schumann's third-party claims arise from the same "common nucleus of operative facts" as Raymer's employment claims. For this reason, the Court does not have supplemental jurisdiction over these claims and, accordingly, they must be remanded back to the Madison Circuit Court.

Western & Southern does not object to Schumann's motion to remand and, in fact, agrees that the malpractice claims against Schumann and Schumann's related third-party indemnity and

6

contribution claims should be remanded to state court. In contrast, in her response objecting to the motion to remand, Raymer argues that Schumann's allegations in his third-party complaint that The Western-Southern Agency, Inc. breached the American Arbitration Act, 9 U.S.C. § 1 *et seq.*, is sufficient to assert a claim "arising under" federal law. However, "it is well established that the Federal Arbitration Act does not create any independent federal question jurisdiction." *American Federation of Television and Radio Artists, AFL-CIO v. WJBK-TV (New World Communications of Detroit, Inc.)*, 164 F.3d 1004, 1007 (6th Cir. 1999)(citation omitted).

Raymer further argues that Schumann's third-party contribution and indemnity claims against The Western-Southern Agency, Inc. are sufficiently related and intertwined with Raymer's claims, such that exercise of the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) is warranted. To be sure, the only claims that could support the exercise of supplemental jurisdiction in this case under 28 U.S.C. § 1367(a) are Raymer's employment claims, as these are the only claims that "arise under" federal law. However, as explained above, Schumann's third-party claims do not arise from the same "common nucleus of operative facts" as Raymer's employment claims. Accordingly, the Court does not have supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a).

Finally, Raymer's argument that she would be unfairly prejudiced if Schumann's motion to remand is granted is unavailing. Raymer fails to provide any explanation of how, exactly, she would be prejudiced by sending this case back to state court, which is the very forum that she chose in the first place. Moreover, although it is true that a threshold determination must be made of whether or not Schumann properly initiated arbitration of Raymer's employment law claims, that determination must be made by the arbitrator, not by this Court. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85, 123 S.Ct. 588, 592, 154 L.Ed.2d 491 (2002)(questions over whether procedural

requirements for arbitrating a case have been met, such as compliance with a time-limitation provision, are questions for the arbitrator to decide, not the court). *See also United SteelWorkers of America, AFL-CIO-CLC v. Saint Gobain Ceramics & Plastics, Inc.*, 505 F.3d 417, 422 (6th Cir. 2007)(en banc)("A time-limitation provision involves a matter of procedure; it is a 'condition precedent' to arbitration; and it thus is 'presumptively' a matter for an arbitrator to decide. In the absence of an agreement to the contrary, in the absence in other words of language in the agreement rebutting the presumption, arbitrators rather than judges should resolve disputes over time-limitation provisions.")(citations omitted). The state court is just as capable as this Court to determine the most appropriate way to proceed with the malpractice and third-party claims in light of the arbitration proceedings on Raymer's employment law claims.

### III.   CONCLUSION

For all of the foregoing reasons, the Court, being fully and sufficiently advised, hereby ORDERS as follows:

1. Schumann's motion to remand the state law claims to the Madison County, Kentucky Circuit Court [DE #5] is **GRANTED**; and

2. Plaintiff's malpractice claims against Schumann and Schumann's third-party claims against The Western-Southern Agency, Inc. are hereby **REMANDED** to the Madison County, Kentucky Circuit Court.

This September 11, 2013.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**